**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| TORRION VON LETCHER<br>2518 15th Street NE<br>Canton, Ohio 44705<br><br>Plaintiff, | CASE NO.<br><br><br><br><br>JUDGE |
| vs. | |
| CHIEF JOHN GABBARD<br>c/o Canton Police Department<br>221 3rd Street SW<br>Canton, OH 44702 | |
| -and- | |
| PTL. AARON COOPER<br>c/o Canton Police Department<br>221 3rd Street SW<br>Canton, OH 44702 | |
| -and- | |
| PTL. NATHANIEL J. CLARK<br>c/o Canton Police Department<br>221 3rd Street SW<br>Canton, OH 44702 | |
| -and- | |
| PTL. CHRISTOPHER WOLFE<br>c/o Canton Police Department<br>221 3rd Street SW<br>Canton, OH 44702 | |
| -and- | |
| PTL. KERMIN YEPES<br>c/o Canton Police Department<br>221 3rd Street SW<br>Canton, OH 44702 | |

| | |
|---|---|
| | ) |
| -and- | ) |
| | ) |
| MAYOR WILLIAM V. SHERER, II | ) |
| c/o City of Canton | ) |
| 218 Cleveland Avenue SW, 8th Floor | ) |
| Canton, OH 44702 | ) |
| | ) |
| -and- | ) |
| | ) |
| CITY OF CANTON | ) |
| 218 Cleveland Avenue SW, 8th Floor | ) |
| Canton, OH 44702 | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1. This case is about the events surrounding the assault, battery, and unreasonable seizure of Plaintiff, TORRION VON LETCHER, on or about October 9, 2025. This case is also about the damages incurred by Plaintiff as a result of the unreasonable governmental actions of the Defendants. Finally, this case is about a failure to adequately train Ptl. Aaron Cooper ("Cooper"), Ptl. Nathaniel Clark ("Clark"), Ptl. Christopher Wolfe ("Wolfe"), and Ptl. Kermin Yepes ("Yepes"). Defendants' actions caused serious and permanent personal and emotional injuries to Torrion.

## JURISDICTION AND VENUE

2. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 *et seq*; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); and the Constitution of the United States.

3. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claims also occurred in this judicial district.

## PARTIES

4. Plaintiff brings this action as the victim of Fourth, Eighth and Fourteenth amendment violations of the United States Constitution. He has suffered a deprivation of his constitutional rights under 42 U.S.C. §1983.

5. Defendant, John Gabbard, Chief of Police ("Chief"), is charged with the responsibility of maintaining the public peace and protecting the lives and property of all citizens of the City of Canton, Stark County, Ohio. He is the chief law enforcement officer of City of Canton. The Chief has caused a habit, policy, pattern and practice to occur inside the institution in which excessive force is exercised against citizens in police custody.

6. Defendants, City of Canton ("City") and Mayor William V. Sherer, II, ("Mayor"), employs and oversee the promulgation and ultimately the enforcement of the policies within the police department.

7. Defendants Cooper, Clark, Wolfe, and Yepes, are Canton Police Officers, who committed the acts and omissions described in this Complaint.

8. At the times material to this Complaint, Defendants Cooper, Clark, Wolfe, and Yepes were acting under color of state law, ordinance, and/or regulation. They are sued in their individual capacities.

## FACTS

9. On or about October 8, 2025, at approximately 1:20 am, Plaintiff was sitting in his parked vehicle in a Stark Park, known as Cook Park. The park is located at 1836 Mahoning Road, NE, McKinley Township, Canton, Stark County, Ohio.

10. Plaintiff was on the phone with his wife. He and his wife were having an argument. Immediately prior to arriving at Cook Park, Plaintiff left his home during the argument in an

attempt to defuse the argument.

11. Cooper and Clark pulled into the parking lot at Cook Park, where Plaintiff was sitting in his vehicle. Cooper and Clark approached Plaintiff's vehicle.

12. Plaintiff's driver-side window was rolled down completely and his hands were in plain sight. Plaintiff and Cooper exchanged pleasantries. Plaintiff attempted to refresh Cooper's memory as to who he is.

13. Prior to providing his identification as requested, Plaintiff asked for the reason and what he did for them to be at the park. No other information was provided other than Cooper and/or Clark simply stating Plaintiff was in a "closed" park after dark. There was no visible signage to indicate that the park was closed after dark.

14. Clark got increasingly angry with Plaintiff. Despite being in an emotional state due to arguing with his wife, Plaintiff remained calm and considerate.

15. Instead of simply instructing Plaintiff to leave the parking lot, Clark's irritation, annoyance, and disrespect continued to increase.

16. Even though Clark was clearly irritated, Plaintiff remained calm. He did not yell at either Clark or Cooper. Both of his hands and part of his arms were displayed on the window frame of the vehicle. Plaintiff did not make any threatening movements.

17. In an effort to understand the situation and the purpose of Cooper and Clark's presence, Plaintiff attempted to asked a few questions. Neither Cooper nor Clark answered his questions. Clark's annoyance and disrespect increased dramatically. He was rude to Plaintiff and totally disregarded Plaintiff and his emotional state. Clark raised his voice when speaking to Plaintiff, almost to the point of yelling at Plaintiff.

18. Clark approached Plaintiff's vehicle, opened his door and immediately began grabbing Plaintiff. Only then, did Clark instruct Plaintiff to get out of the vehicle.

19. At no point in time, did Plaintiff resist or refuse to get out of the vehicle. Clark and/or Cooper made it difficult for him to vacate his vehicle by grabbing his arms and blocking the opening to the door. It is noteworthy that Plaintiff is of larger statute, thus, exiting his vehicle requires extra movements.

20. For some unknown reason, Yepes arrived at the park and immediately drew and deployed his taser. Plaintiff was still in his vehicle when he received the first set of taser shocks.

21. Plaintiff was pulled from his vehicle and immediately pulled to the ground landing on his shoulder.

22. While lying face down on the ground, immobilized, Yepes deployed his taser no less two (2) more times. Yepes deployed his taser at least four (4) times, all the while Plaintiff was restrained and immobilized by Clark, Cooper, and/or Wolfe.

23. At some point and for some unknown reason, Wolfe also arrived on scene. He, too, engaged in unlawfully restraining Plaintiff.

24. None of Plaintiff's actions or behavior would have caused Cooper and/or Clark to be alarmed necessitating the need for two additional police officers, namely Yepes and Wolfe.

25. Throughout the whole affair, Plaintiff did not resist arrest. He did not yell or raise his voice. He did not display any actions that could be perceived as threatening.

26. Plaintiff posed no threat. He did absolutely nothing wrong—indeed, even the charges on which he was arrested were later unilaterally dismissed.

27. As a direct and proximate result of Defendants' misconduct, Plaintiff suffered from terror and pain inflicted upon him, including severe personal injuries and extreme emotional

distress, during the course of this brutal attack.

28. Defendants' misconduct caused Plaintiff injuries that have had an immediate and profound effect on his life. As a direct and proximate result thereof, Plaintiff suffered serious injury to his shoulder. Plaintiff endured serious cardiac complications, which caused a heart attack resulting in an extended hospitalization, significantly altering Plaintiff's life.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 Claim for Unconstitutional Seizure**

29. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

30. The actions of Defendants Cooper, Clark, Wolfe, and Yepes, as alleged in the preceding paragraphs, deprived and violated Plaintiff's rights clearly established under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this Complaint.

31. Plaintiff posed to risk or threat to Defendants Cooper, Clark, Wolfe, and Yepes. He posed no threat or danger to Cooper and/or Clark, and later Wolfe and Yepes. He made no verbal threats, nor did he make any threatening gestures. He was not attempting to resist arrest or flee.

32. Any reasonable police officer would have handled the situation a much different and calmer manner. The situation could have been handled in such a way that Plaintiff was not subjected to excessive force resulting in significant injuries or deprived of his constitutional rights afforded to him under the United States Constitution.

33. Defendants' conduct also resulted in psychological injury to Plaintiff. Since his arrest, Plaintiff has experienced emotional and psychological injuries, including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

34. The actions of Defendants Cooper, Clark, Wolfe, and Yepes as alleged in this Complaint were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 Claim for Failure to Train**

35. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

36. The Chief, City, and Mayor had policymaking authority and otherwise controlled the training and supervisory practices.

37. The Chief, City, and Mayor failed to adequately train and supervise its police officers, including Cooper, Clark, Wolfe, and Yepes, concerning proper police procedures and constitutional limitations relative to the use of force and the proper procedures and constitutional limitations for assessing, planning and executing citizen apprehensions, detention, and seizures. The Chief and Mayor have failed to adequately train its police officers in proper procedures in dealing with individuals suffering from emotional distress and/or mental conditions. These failures are a proximate cause of the constitutional violations set forth in this Complaint.

38. The Chief and Mayor have failed to institute and enforce adequate policies and procedures for reality-based training (RBT) governing the use of force, apprehension, detention, and seizures. The policies, procedures, and failures just mentioned exhibit the Chief and Mayor's deliberate indifference to the constitutional rights of Ohio's citizens, including Plaintiff.

**THIRD CLAIM FOR RELIEF**
**State Law Claim for Intentional Infliction of Emotional Distress**

39. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

40. Defendants Cooper, Clark, Wolfe, and Yepes engaged in extreme and outrageous behavior as alleged in this Complaint.

41. Defendants Cooper, Clark, Wolfe, and Yepes intended such conduct to inflict severe emotional distress upon Plaintiff and knew that their conduct would cause him serious emotional distress, which was of a nature that no reasonable person could be expected to endure.

42. Defendants' conduct did, in fact, cause such distress.

43. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff was injured and suffered actual damages.

**FOURTH CLAIM FOR RELIEF**
**State Law Claim for Assault and Battery**

44. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

45. The actions of Defendants Cooper, Clark, Wolfe, and Yepes towards Plaintiff created in him the fear and apprehension of an imminent, harmful, and offensive touching and constituted a harmful touching, knowingly and without legal justification.

**FIFTH CLAIM FOR RELIEF**
**State Claim for Willful, Wanton, and Reckless Conduct**

46. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

47. Defendants Cooper, Clark, Wolfe, and Yepes failed to exercise due care, and acted with a malicious purpose and/or in bad faith and/or in a willful and/or wanton and/or reckless manner while engaged in police functions and activities, including but not limited to the excessive and unreasonable use of force against Plaintiff, which culminated in a hospitalization.

48. Each of the individual Defendants, as set forth herein, engaged in negligent, reckless and/or willful and/or wanton conduct such that they are not entitled to the immunities set forth in O.R.C. § 2744.01 et seq.

49. As a direct and proximate result of the misconduct of Defendants, Plaintiff has suffered and will continue to suffer injuries and damages.

## DAMAGES

50. As a direct and proximate result of the acts set forth in this complaint, Plaintiff sustained extreme and intense pain and permanent and debilitating injuries. He has been forced to seek medical care, incur bills and will be forced to incur medical treatment and incur further bills indefinitely into the future. Plaintiff further was unable to return to work for a period of time after the incident occurred because of the extreme injuries suffered.

51. Due to the injuries suffered by Plaintiff, he is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial. As a further result of Defendants' unlawful conduct, Plaintiff has incurred special damages, including expenses related to the medical conditions caused by his injuries. He may continue to incur other expenses and other special damages, in amounts to be established at trial.

52. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgement be entered in his favor on all counts and prays the Court award the following relief:

A. Compensatory damages in an amount exceeding the jurisdictional amount in controversy requirement, to be determined at trial for the violation of Plaintiff's rights;

B. Punitive damages in an amount to be determined at trial for the Defendants' willful, wanton, malicious, and reckless conduct;

C. Equitable relief, including, without limitation, that the Sheriff be ordered to adopt, implement and enforce appropriate policies and practices to prevent future instances of the type of misconduct described in this lawsuit;

D. Attorneys' fees and the costs of this action pursuant to 42 U.S.C. § 1988; and

E. All other relief which this Honorable Court deems equitable and just.

**A JURY IS REQUESTED TO HEAR THIS MATTER.**

*/s/ Tracey A. Laslo*
TRACEY A. LASLO (0070873)
325 E. Main Street
Alliance, OH 44601
Telephone: (330) 823-9757
Facsimile: (330) 823-4791
Email: traceylpa@gmail.com
Attorney for Plaintiff